139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Trayan KUYUMZHU; Kristiana Kuyumzhu, Petitioners,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70440.
INS Nos. Afk-cwj-bje Afb-eoi-yqx.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 23, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Trayan and Kristiana Kuyumzhu, Russian citizens of Moldovan descent, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an Immigration Judge's ("IJ") decision denying their requests for asylum and witholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)[1], and we deny the petition.
 
 
 3
 We review factual determinations underlying the BIA's decision for substantial evidence and the BIA's decision should be upheld unless the evidence compels a contrary result. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). Where, as here, the BIA incorporates the IJ's opinion, we treat the IJ's statement of reasons as the BIA's. See Alealua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 4
 Substantial evidence supports the IJ's determination that both Trayan and Kristiana failed to establish past persecution or that their fear of future persecution is well-founded. First, Trayan and Kristiana were never detained, jailed, or physically harmed by the government or a group the government was unable or unwilling to control. See Desir v. Ilchert, 840 F.2d 723, 726-27, 728 n. 5 (9th Cir.1988) (holding that persecution requires the infliction of suffering or harm by the government or a group the government is unable or unwilling to control). Second, although Trayan and Kristiana may have experienced discrimination on account of their Moldovan descent, "[p]ersecution is an extreme concept, which ordinarily does not include [d]iscrimination on the basis of race or religion, as morally reprehensible as it may be." Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (internal quotation omitted). Third, Trayan's fear of recruitment into the Russian military does not compel this court to find that Trayan has a well-founded fear of persecution. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1005 (9th Cir.1988) (per curiam).
 
 
 5
 Because the Kuyumzhus failed to meet the requirements for a grant of asylum, they necessarily failed to establish a clear probability of persecution required for witholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 6
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new jurisdictional review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)